**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-1094-GPG

CITIBANK, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-
    HE3,

    Plaintiff,

v.

GARY R. WILLIAMS,
PEGGY E. WILLIAMS, and
ANY AND ALL OTHER OCCUPANTS CLAIMING AN INTEREST UNDER THE
    DEFENDANTS,

    Defendants.

---

ORDER

---

Defendants have filed *pro se* "Defendant's Notice of Removal" (ECF No. 1) and

an Application to Proceed in District Court Without Prepaying Fees or Costs (Short

Form) (ECF No. 2).  The action removed to this Court is a forcible entry and unlawful

detainer action filed against them on November 24, 2014 in Montrose County District

Court, Colorado Civil Action No. 2014CO30681 ("the Detainer Action").

The Court must construe the Notice of Removal liberally because Defendants are

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not

act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

A notice of removal must contain "a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such

defendant or defendants in such action."  28 U.S.C. § 1446(a).  "The removing party has

the burden to demonstrate the appropriateness of removal from state to federal court."

*Baby C v. Price*, 138 F. Appx. 81, 83 (10th Cir. 2005).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has reviewed the Notice of Removal.  The Notice of Removal claims that the Court has jurisdiction because it has existing jurisdiction over the real property in question based on another pending case in this court, 14-cv-01148-PAB. (ECF No. 1 at ¶ 7).  The Notice of Removal also claims jurisdiction is proper with this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2 ¶ 8).

Although not disclosed by the Defendants, the Court notes that Defendants have previously attempted to remove this case to federal court.  In fact, the Notice of Removal is identical – word for word -- to one filed by them in this court on December 8, 2014 in case 14-cv-3314-PAB.

In that case, Judge Brimmer *sua sponte* found the Notice of Removal was inappropriate because the federal court did not have jurisdiction. *See Citibank v. Williams*, 14-cv-3314-PAB, (ECF No. 13).  Therefore, the case was remanded to the District Court for the County of Montrose, Colorado. *Id.*

The fact that a case was previously remanded does not, by itself, automatically preclude parties from filing a second notice of removal. *See* 28 U.S.C. 1446 (b). However, a second notice of removal is only allowed if subsequent pleading or events reveal a new and different basis for removal. *See Latham v. Assurant Health*, 08-cv-1087, 2008 U.S. Dist. LEXIS 55990 (D. Colo May 30, 2008); *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974).  Defendants have provided no reason for why they have filed a second Notice of Removal that is identical to the first.  They make no reference to an amended pleading, motion or order that reveals a new basis for removal.

Accordingly, the court incorporates by reference Judge Brimmer's reasoning in

2

his order dated January 30, 2015 in case 14-cv-3314-PAB, where he found that the Court lacked removal jurisdiction over the matter. *See Citibank v. Williams*, 14-cv-3314-PAB, (ECF No. 13).  Therefore, removal of this action is inappropriate and the case will be remanded to the state court.

Additionally, the Court notes that the Notice of Removal in this case was not timely filed under 28 U.S.C. § 1446(b).  Under section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).  Here, in the Notice of Removal, Defendants state they: "were served notice of this suit on November 24, 2014.  Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. 1446(b)." (ECF No. 1 at 2 ¶ 6).  However, contrary to the assertion in the Notice of Removal, the current Notice was not filed until May 26, 2015, well after the 30-day time period.  Therefore, the Notice of Removal was not timely filed.

Accordingly, for the reasons discussed above, it is

ORDERED that the case is REMANDED to the District Court for the County of Montrose, Colorado, where it was initially filed as Case No. 14CO30681.


DATED at Denver, Colorado, this _5th_ day of ___June_____, 2015.

                                    BY THE COURT:

                                     s/Lewis T. Babcock_____
                                    LEWIS T. BABCOCK, Senior Judge
                                    United States District Court